**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

Washington, DC 20226

www.atf.gov

March 17, 2014

903010:HLK
13-0574
18 U.S.C. 922
5812
27 CFR 478.102
5300

Mr. Brandon L. Maddox
BMaddox Enterprises LLC
Dakota Silencer
6809 South Minnesota Avenue, Suite 203
Sioux Falls, South Dakota 57108-2569

Dear Mr. Maddox:

This is in response to your letter dated June 21, 2013 to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), in which you request clarification on conducting a National Instant Criminal Background Check System (NICS) check on a transfer of a National Firearms Act (NFA) firearm registered to a trust on an ATF Form 4. Specifically, you ask if a NICS check must be conducted on the person picking up the firearm on behalf of the trust.

In your letter, you state that you received conflicting information from various ATF offices. You also state that information printed in the November 2008 ATF Newsletter and information posted on www.atf.gov conflicts with information printed in the ATF National Firearms Act Handbook.

Federal firearms law at 18 U.S.C. § 922(t)(1) requires Federal firearms licensees (FFLs) to run a NICS check "before the completion of the transfer," and verify the identity of the transferee. There is an exception under section 922(t)(3)(B) and 27 CFR 478.102(d)(2), if the Attorney General "has approved the transfer under section 5812 of the Internal Revenue Code of 1986." Subject to limited exceptions, the Gun Control Act (GCA) at section 922(b)(3) also makes it unlawful for an FFL to sell or deliver a firearm "to any person who the licensee knows or has reasonable cause to believe does not reside in (or if the person is a corporation or other business entity, does not maintain a place of business in) the State in which the licensee's place of business is located." The term "person" is defined by the GCA at 18 U.S.C. § 921(a)(1), to include "any individual, corporation, company, association, firm, partnership, society, or joint stock company."

-2-

Mr. Brandon L. Maddox
BMaddox Enterprises LLC


ATF has interpreted the GCA exception in sections 922(t)(3)(B) and 478.102(d)(2) to mean that firearms transfers are exempt from a NICS check when they have been approved under the NFA *to the person receiving the firearm.*  Unlike individuals, corporations, partnerships, and associations; unincorporated trusts do not fall within the definition of "person" in the GCA.

Because unincorporated trusts are not "persons" under the GCA, a Federal firearms licensee (FFL) cannot transfer firearms to them without complying with the GCA.  Thus, when an FFL transfers an NFA firearm to a trustee or other person acting on behalf of a trust, the transfer is made *to this person as an individual (i.e., not as a trust).*  As the trustee or other person acting on behalf of the trust is not the approved transferee under the NFA, 18 U.S.C. 5812, the trustee or other person acting on behalf of a trust must undergo a NICS check.  The individual must also be a resident of the same State as the FFL when receiving the firearm.

When purchasing an NFA firearm, the person acting on behalf of the trust will complete the ATF Form 4473, items 1 through 10b with his or her personal information.  Item 11a "Are you the actual transferee/buyer of the firearm(s) listed on this form?" should be answered "YES".  The transferor will conduct the NICS check and complete Items 21a though 21c and Item 21d, if applicable.  Item 22 will be left blank, as the transaction is not exempt from the NICS check.

We trust the foregoing has been responsive to your request.  If you should have further questions, please contact the Firearms Industry Programs Branch at 202-648-7190 or fipb@atf.gov.


Sincerely yours,


Helen L. Koppe
Chief, Firearms Industry Programs Branch

Enclosure: Dakota Silencer clarification request

cc:     Director, Industry Operations, St. Paul, Kansas City, Denver Field Divisions
        Area Supervisor, St. Paul, Omaha II, Denver VI, and Helena Area Offices