

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*National Firearms Act Branch*

Martinsburg, West Virginia

www.atf.gov

901040:

Jay Aubrey Isaac Hollis
5344 County Road 3229
Lone Oak, Texas 75453

Dear Jay Aubrey Isaac Hollis:

This responds to your recent submission of an ATF Form 1, Application to Make a National
Firearms Act (NFA) firearm. Specifically, you submitted the ATF Form 1 to make and register a
machinegun on behalf of the Jay Aubrey Isaac Hollis Revocable Living Trust. Although this
application was previously approved, this is to inform you that the approval was in error. This
Branch has already provided you a corrected "disapproved" application that remedies this error.

Pursuant to 26 U.S.C. §§ 5812 and 5822, an application to make a firearm shall be disapproved if
the making would place the possessor in violation of the law. The GCA, 18 U.S.C. § 922(o)
prohibits the possession of machineguns except in limited circumstances. Specifically, pursuant
to the statute and implementing regulations, 27 C.F.R. § 479.105(a), ATF may not approve any
private person's application to make and register a machinegun after May 19, 1986.

The sole exception to this exists under section 479.105(e) and allows ATF to approve such
application "provided it is established by specific information" that the making of the weapon is
at the request and on behalf of a Federal, State or local government entity. Please be aware that
no such information has been provided, and therefore, pursuant to the disapproved application,
the firearm is not registered to you or the Jay Aubrey Isaac Hollis Revocable Living Trust in the
National Firearms Registry and Transfer Record. Your continued possession of such a firearm
without a valid registration therefore violates the NFA. (26 U.S.C. § 5861(d)). Therefore, if you
have already made this machinegun, please abandon it to the ATF Special Agent who is
delivering this letter to you. Upon abandonment, we will arrange for the refund of the $200
making tax. Please be aware that an unregistered machinegun is subject to the seizure and
forfeiture provisions of the law.

Also please note that the GCA defines the term "person" to "include any individual, corporation,
company, association, firm, partnership, society, or joint stock company." *See* 18 U.S.C. §
921(a)(1). The fact that an unincorporated trust is not included in the definition of "person"
under the GCA does not mean that an individual may avoid liability under section 922(o) by

Jay Aubrey Isaac Hollis

placing a machinegun "in trust." Where a trust is not an entity recognized as a "person" under the applicable law, it cannot make or hold property and is disregarded. Consequently, in terms of an unincorporated trust, ATF must disregard such a non-entity under the GCA and consider the individual acting on behalf of the trust to be the proposed maker/possessor of the machinegun.

Please contact me at (304) 616-4546 if you have any questions.

William J. Boyle, III
Chief, National Firearms Act Branch